HELEN L. ELDRIDGE *vs.* JOSEPH I. ELDRIDGE.

Middlesex.    January 6, 1932. — February 29, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Probate Court*, Jurisdiction; Decree: vacation; Divorce proceedings: alimony. *Marriage and Divorce*, Condonation.

To a libel for divorce on the grounds of adultery and cruel and abusive treatment, the libellee filed an answer alleging condonation of the adultery. After a hearing, the judge of probate found that adultery was not proved; that the charge of cruel and abusive treatment was sustained; that, although requested, he refused to find condonation of the charge of cruel and abusive treatment because condonation thereof was not pleaded; and that evidence was introduced at the hearing which would have warranted a finding of such condonation. A decree of divorce *nisi* accordingly was entered. The libellee at first appealed from the decree *nisi* but later waived the appeal and moved that the decree *nisi* be vacated on the ground that failure to plead condonation to the charge of cruel and abusive treatment was due to the inadvertence, mistake or negligence of his counsel. The motion was allowed and the libellee was permitted to amend his answer setting up condonation of such treatment. Upon further hearing, such condonation was found and a decree was entered dismissing the libel. Upon appeals by the libellant, it was *held*, that

(1) The appeal of the libellee from the decree *nisi* having been waived, the court had jurisdiction to vacate that decree by reason of the mistake of the libellee's counsel; and such decree did not become absolute at the expiration of six months from the date of its entry;

(2) Divorce Rule 4 of the Probate Court, respecting the filing of a statement, verified by affidavit, of objections to an absolute decree of divorce to prevent its entry, was not applicable.

An order of a probate court under G. L. c. 208, § 17, in divorce proceedings, directing payment by the libellee to the libellant, pending "the final determination of the matter of the within libel, or until the further

order of the court," of a certain sum per week "toward her support and the support and maintenance of their minor child," comes to an end upon the entry of a decree dismissing the libel if no further order is made as to such payments, even though the libellant appeals from such final decree.

LIBEL for divorce, filed in the Probate Court for the county of Middlesex on November 15, 1928.

Pleadings and proceedings in the Probate Court before *Harris*, J., are described in the opinion.

*W. A. Graustein*, attorney in fact, for the libellant.

*R. Clayton*, (*L. A. Pike* with him,) for the libellee.

CROSBY, J. This is a libel for divorce, filed on November 15, 1928, in the Probate Court for the county of Middlesex, alleging adultery and cruel and abusive treatment. The case comes before us on appeals by the libellant from certain decrees.

On December 14, 1928, the libellee was ordered to pay the libellant toward her support and that of their minor child $60 a week. On the same day the libellee filed an answer consisting of a denial of the allegation of adultery, and on December 28, by leave of court, filed a motion to amend his original answer by substituting therefor a general denial of all the allegations of the libel, and a plea of condonation of the charge of adultery. This motion was allowed on January 14, 1929. Thereafter the case was heard on the merits, and on September 16, 1929, the libellant was granted a decree *nisi* for the cause of cruel and abusive treatment, which was to become absolute after the expiration of six months from the entry of the decree unless the court should otherwise order. On September 12, 1929, the libellee had filed a motion to amend his answer by alleging that if the libellant should prove the allegations of cruel and abusive treatment the same was condoned by her. This motion was denied on September 19, 1929. In a decision filed by the judge he states that at the original hearing he found that adultery was not proved, but that the charges of cruelty were sustained; that at that hearing he was requested to find that the libellant had condoned the alleged acts of cruelty; that he refused so to find on

the ground that condonation had not been set up as an affirmative defence by the answer to the charge of cruel and abusive treatment, although it had been pleaded as a defence to the charge of adultery. The judge further found that evidence was introduced at the original trial which would have warranted a finding of condonation. From the decree *nisi* the libellee, on September 19, 1929, filed an appeal to this court.

It does not appear that any action in the case was taken thereafter until April 23, 1930, on which date the libellee filed a petition to set aside the decree *nisi* on the ground that failure to plead condonation to the allegation of cruel and abusive treatment was due to the inadvertence, mistake or negligence of his counsel, since deceased, who believed that the pleading filed was sufficient for all alleged causes for divorce set forth in the libel. The petition also prayed that the libellee be allowed to amend his answer by pleading condonation to the charge of cruel and abusive treatment. On June 24, 1930, the libellant filed a motion to dismiss the libellee's motion to set aside the decree *nisi*. On June 26, 1930, this motion was denied. The libellee waived his appeal from the entry of the decree *nisi*, and the next day, June 27, the judge ordered the decree *nisi* to be vacated; the libellee was given leave to file an answer alleging condonation of the charge of cruel and abusive treatment and the case was ordered to stand for further hearing solely on that issue. From the above decrees the libellant appealed on July 15. The order denying the libellee's motion to amend his answer by pleading condonation to the charge of cruel and abusive treatment entered September 19, 1929, was revoked, and the motion was allowed on June 27, 1930. On April 1, 1931, the libellee filed a further answer alleging condonation of the charge of cruel and abusive treatment, which was denied by the libellant. Thereafter the case was heard upon the merits, and on April 10, 1931, the judge filed a decision and therein ordered the libel dismissed on the ground that the libellant had condoned certain of the acts of cruel and abusive treatment by living with the libellee after the acts com-

plained of, which occurred from December, 1927, until in September of the following year. The libellant on April 14, 1931, filed an appeal from the decree dismissing the libel, and on the same day filed a request for a report of material facts found by the judge. The judge filed the report on July 8, 1931, referring in the main to his decision filed on the tenth of the previous April. On July 13 the libellant filed a motion that the decree dismissing the libel be vacated for want of jurisdiction. This motion was denied on November 13 and the libellant appealed.

It is settled that a court of probate has power to correct or vacate its decree for adequate and legal cause. It was said in the recent case of *Goss* v. *Donnell,* 263 Mass. 521, at pages 523–524: "It now is settled that a court of probate has power to correct errors in its decrees arising out of fraud, or mistake, or want of jurisdiction, or for any reason adequate in law. Its power in this field is 'analogous to that of courts of common law to issue writs of review and of courts of equity to entertain bills of review. It is to correct mistakes of fact or of law.'" *Crocker* v. *Crocker,* 198 Mass. 401, 404–405. The mistake in the case at bar could have been found to have been in believing that the plea of condonation filed originally by the attorney of the libellee was broad enough to be applicable to all causes for divorce alleged in the libel. Condonation is an affirmative defence. It could not be heard unless set up by the answer. Divorce Rule 8 of the Probate Court. *Sanderson* v. *Sanderson,* 271 Mass. 386. It is plain that the Probate Court on June 27, 1930, had jurisdiction to vacate the decree *nisi* entered on September 16, 1929, as the libellee on June 26, 1930, had waived his appeal to this court. The entry of the decree *nisi* was in its nature interlocutory; the libel was still pending and could be corrected or revoked for mistake or for any reason adequate in law. It follows that upon the facts disclosed by the record it did not become absolute at the expiration of six months from the date it was entered. *Goss* v. *Donnell,* 263 Mass. 521. *Sullivan* v. *Sullivan,* 266 Mass. 228, 229. *Hilton* v. *Hopkins,* 275 Mass. 59, 63. Upon the facts found by the judge a

finding was justified that the libellant had condoned any acts of cruelty on the part of the libellee. In the absence of a report of the evidence the findings must stand. *Drew* v. *Drew*, 250 Mass. 41, 45. *Holsworth* v. *Holsworth*, 252 Mass. 133. *Webster* v. *Webster*, 264 Mass. 551. There was no error in the decree dismissing the libel.

Divorce Rule 4 of the Probate Court provides in part that "At any time before the expiration of six months from the granting of a decree of divorce *nisi*, the libellee, or any other party interested, may file in the office of the register a statement of objections to an absolute decree, which shall set forth specifically the facts on which it is founded, and be verified by affidavit." It is the contention of the libellant that as the libellee failed to file any objections under the rule the decree *nisi* became absolute under G. L. c. 208, § 21. It is sufficient to say that the rule is not applicable to the facts in the case at bar. Independently of the rule, a decree for divorce may be revoked or denied if against public policy or for any reason adequate in law. *Goss* v. *Donnell*, 263 Mass. 521. *Sanderson* v. *Sanderson*, 271 Mass. 386, 389.

After entry of the decree dismissing the libel, the libellant on July 13, 1931, filed in the Probate Court a petition for contempt against the libellee for failure to pay alimony as ordered on December 14, 1928. This order was entered soon after the libel was filed. The judge ruled as matter of law that the decree dismissing the libel vacated the temporary order of December 14, 1928, notwithstanding the appeal from that decree, and he dismissed the petition; the libellant appealed. At her request he reported the material facts found by him upon which he dismissed the petition for contempt. He found that it was conceded by the libellant that the libellee had complied with the order until April 10, 1931, when her libel was dismissed, and that it was conceded by the libellee that he had not made any payments since the libel was dismissed. G. L. c. 208, § 17, provides that "The court may require the husband to pay into court for the use of the wife during the pendency of the libel an amount to enable her to maintain or defend the libel, and to pay to the wife

alimony during the pendency of the libel." The order for the payment by the libellee to the libellant was "toward her support and the support and maintenance of their minor child," and was to continue "Pending the final determination of the matter of the within libel,˙or until the further order of the court." Although a final decree was entered in the Probate Court an appeal was taken from that decree. The allowance of alimony *pendente lite* is described by the terminology. This allowance continues during the pendency of the libel in the Probate Court unless modified or revoked. If no appeal from the decree dismissing the libel had been entered in that court, it is plain that the order for the payment of temporary alimony would have terminated. Although the order entered in the Probate Court was to continue "Pending the final determination of the matter of the within libel, or until the further order of the court," this order is to be construed as limiting such payment until the case is at an end in the Probate Court by the entry of the decree in that court. A decree for permanent alimony cannot properly be made under G. L. c. 208, § 34, before a decree *nisi* in favor of the libellant is entered. As no new order was made relating to alimony by the Probate Court in the decree dismissing the libel or thereafter, the order for temporary alimony came to an end. A decree for divorce is not suspended nor are the proceedings stayed by the appeal unless the court so orders. G. L. c. 215, § 23, and § 24 as amended by St. 1926, c. 214. See *Smith* v. *Smith*, 184 Mass. 394, 397. If the libellant desired to obtain further alimony after the entry of the decree dismissing the libel she should have applied to the Probate Court therefor. Although no formal decree was entered dismissing the petition for contempt, the ruling that the entry of the decree dismissing the libel vacated and annulled the order for the payment of alimony notwithstanding the appeal therefrom amounted to a denial of the petition. The ruling may be considered, in substance, as a decree to that effect from which the libellant appealed.

We have considered all the appeals which have been argued. They need not be considered in detail. It is sufficient to say that we find no reversible error in the rulings of

the judge of probate. The libellant's requests for rulings were properly dealt with. It results that all the interlocutory decrees are affirmed. The decree dismissing the libel also must be affirmed.

*Ordered accordingly.*