NORRIS MacNEVIN *vs.* INA MacNEVIN.

Plymouth.    May 10, 1946. — June 6, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Marriage and Divorce*, Decree absolute, Appeal.    *Probate Court*, Appeal.

A decree nisi of divorce remained in force and became absolute six months after its date where the libellee did not seek a stay thereof under G. L. (Ter. Ed.) c. 215, §§ 23, 24, although the libellee in the meantime seasonably had appealed from the decree, had requested the trial judge to report the material facts found by him and had filed an order for preparation of the record for transmission of the appeal to this court, but the judge had not reported the material facts and consequently no estimate of the cost of the preparation of the record had been given to the libellee and the appeal had not been entered in this court.

PETITION, filed in the Probate Court for the county of Plymouth on October 22, 1945.

The case was heard by *Stone*, J.

In this court the case was submitted on briefs.

*E. G. Townes*, for the respondent.

*O. V. Fortier*, for the petitioner.

DOLAN, J.   This petition for revocation of a decree, hereinafter described, comes before us on the report, without decision, of the judge of probate who had heard the case for final determination. See G. L. (Ter. Ed.) c. 215, § 13.

Material facts are as follows: On August 17, 1940, the petitioner as libellant filed a libel for divorce from the respondent as libellee. On May 19, 1941, a decree nisi was

entered thereon. On May 22, 1941, the libellee appealed therefrom, but the appeal has not been entered in this court. A motion to dismiss the appeal, filed by the libellant in the Probate Court on December 9, 1941, has not been acted upon. On December 27, 1943, the libellee filed a petition in the Probate Court in which it was represented that the parties had "been living together since the decree of May 19, 1941; [and] that they were under the impression that the appeal from said decree prevented the same from becoming absolute," and in which the libellee prayed that the decree nisi of divorce be revoked. While the petition was expressed as being that of both parties, it was signed only by the libellee. On that petition the judge entered the following decree: "December 27, 1943. The decree of May 19, 1941, is revoked and petition dismissed." This petition with the foregoing entry was filed in the registry of probate, and on February 24, 1944, notices of the entry of the decree were sent to counsel of record, and a notation in pencil was made · on the back of the instrument as follows: "Libellant has not signed this." The fact thus noted was not brought to the attention of the judge until October 22, 1945. On that day the libellant filed a "motion" representing that the decree nisi of divorce became absolute on November 19, 1941, that he had never assented to the petition of the libellee of December 27, 1943, for its revocation, that he was in the military service of the United States at the time, and that no notice had been served upon him, and praying that "any action taken upon said petition be revoked" and that the "petition and appeal be dismissed, and decree absolute be entered." It is that proceeding that the judge has reported. The judge stated in his report that the libellant had not executed the petition to revoke the decree nisi, that neither he nor his counsel had any notice of the decree revoking the same, and that the parties "did live together and cohabit . . . from time to time between October of 1942 and September of 1943."

It appears from the docket entries and the pleadings in the divorce proceeding, incorporated by reference in his report by the judge, that the libellee appealed seasonably

from the decree nisi and seasonably requested that the judge report the material facts found by him, that no such report has been filed by the judge, and that the libellee had filed an order for the preparation of the record for transmission to this court on May 22, 1941. Neither the libellee nor her counsel ever received any estimate of the cost of preparing and printing the appeal record. In the circumstances the cost could not be estimated properly since a report of facts by the judge was a necessary component of the record. See *Boston Safe Deposit & Trust Co.* v. *Wickham,* 254 Mass. 471, 473; *Trade Mutual Liability Ins. Co.* v. *Peters,* 291 Mass. 79, 85.

The contention of the libellee is that the decree nisi of divorce never became absolute for the reasons that no report of the material facts found by the judge was ever made by him and that the register of probate never made an estimate of the cost of the preparation of the necessary papers for transmission to this court and never gave notice in writing of the estimated amount of such cost as required by statute. G. L. (Ter. Ed.) c. 231, § 135.

We do not sustain the foregoing contention. While it is true that, by virtue of the failure of the judge to comply with the request for a report of the material facts found by him, the case was not ripe for final preparation and printing of the record for transmission to this court, *Trade Mutual Liability Ins. Co.* v. *Peters,* 291 Mass. 79, 85; G. L. (Ter. Ed.) c. 231, § 135, nevertheless the case is governed by G. L. (Ter. Ed.) c. 215, §§ 23, 24, which provide as follows: "Section 23. An appeal from a final or interlocutory order or decree in equity of a probate court made in the exercise of any jurisdiction in equity shall not suspend or stay proceedings under such order or decree pending the appeal. But the probate court or a justice of the supreme judicial court, in case of such appeal, may stay all proceedings under such order or decree and make necessary or proper orders to protect the rights of persons interested pending the appeal; and any such order of the probate court for a stay of proceedings or for protection of any such rights may be varied or discharged by a justice of the supreme

judicial court upon motion, and shall not be otherwise subject to an appeal. Section 24. The preceding section shall apply to orders or decrees of probate courts in proceedings under chapter two hundred and eight and under sections thirty-two and thirty-seven of chapter two hundred and nine." It follows that, at the time the judge entered the decree purporting to revoke the decree nisi of divorce, the decree had become absolute since the decree nisi was not suspended or stayed by either the Probate Court or a justice of this court but continued in full force and effect. The judge therefore was without authority on the facts found by him to revoke the decree nisi, since they do not show that the decree nisi was procured to be entered by fraud, or was entered by mistake. Compare *Sampson* v. *Sampson,* 223 Mass. 451. By seeking a stay of the decree appealed from as provided by G. L. (Ter. Ed.) c. 215, § 23, which doubtless in the circumstances would have been granted, the libellee could have avoided the result that as matter of law must now be reached.

A final decree must be entered in accordance with the prayer of the libellant revoking the decree entered by the judge on December 27, 1943.

*So ordered.*