VICTOR E. KISLEY *vs.* OLIVE E. (McFARLAND) KISLEY.

Norfolk.    April 7, 1948. — May 5, 1948.

Present: QUA, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Marriage and Divorce,* Annulment, Appeal.    *Jurisdiction,* Annulment of marriage, Raising question of jurisdiction.

On appeal from a decree in a proceeding for annulment of marriage, this court considered the point of jurisdiction although that point had not been raised.

Under G. L. (Ter. Ed.) c. 207, § 14, a Probate Court had no jurisdiction of a proceeding for annulment of a marriage solemnized outside the Commonwealth where it did not appear that the libellant was domiciled here at the time of the marriage and it did appear that shortly before the filing of the libel he had become domiciled in another State after having "lived" here "continuously" for over two years.

LIBEL for annulment of marriage, filed in the Probate Court for the county of Norfolk on February 1, 1947.

The case was heard by *Reynolds,* J.

*M. S. Heaphy,* for the libellant.

*A. R. Lucid,* (*G. P. Love, Jr.,* & *H. J. McCusker* with him,) for the libellee.

WILKINS, J.  The libellant appeals from a decree dismissing his libel for annulment of marriage.  The evidence is not reported, but the judge made a voluntary report of the material facts found by him, which appears on its face to be a report of all the material facts upon which he based his decree.  G. L. (Ter. Ed.) c. 215, § 11, as amended by St. 1947, c. 365, § 3.  *Birnbaum* v. *Pamoukis,* 301 Mass. 559,

562.  *Druker* v. *Druker,* 308 Mass. 229, 230.  *Turner* v.
*Morson,* 316 Mass. 678, 680–681.  *Skerrett* v. *Hartnett,*
*ante,* 452.

No point of jurisdiction has been raised, but it is our duty
to consider it of our own motion.  *Eaton* v. *Eaton,* 233 Mass.
351, 364.  *Commonwealth* v. *Andler,* 247 Mass. 580, 582.
*Holt* v. *Holt,* 253 Mass. 411, 414.  *Golden* v. *Crawshaw,* 302
Mass. 343, 344.  A libel for annulling a marriage must be
brought under G. L. (Ter. Ed.) c. 207, § 14, of which the
part now material is: "Upon proof of the validity or nullity
of the marriage, it shall be affirmed or declared void by a
decree of the court, and such decree of nullity may be made
although the marriage was solemnized out of the common-
wealth, if at that time and also when the libel was filed the
libellant had his domicil in the commonwealth, or if he has
resided in this commonwealth for five years last preceding
the filing of said libel . . . ."

The libel, which was dated January 29, 1947, and was
filed February 1, 1947, describes the libellant as "formerly of
East Braintree, County of Norfolk, and now of Hartford,
Connecticut," and alleges that he was married on July 12,
1944, at Bethesda, Maryland, to the libellee, "whose present
place of residence is in East Braintree, Norfolk County";
that they lived together as husband and wife at Revere,
Winthrop, Weymouth, and East Braintree in this Common-
wealth; that they last lived together at East Braintree; and
that the "libellant has lived in this Commonwealth con-
tinuously" from October 20, 1944, until January 20, 1947.
The libellant is bound by these allegations in his pleadings.
G. L. (Ter. Ed.) c. 231, § 87.  *Sullivan* v. *Ashfield,* 227 Mass.
24, 28.  *Davenport* v. *Squibb,* 320 Mass. 629, 634.  He in
effect has alleged that he ceased to be domiciled in this
Commonwealth beginning January 20, 1947, and was domi-
ciled in Connecticut when the libel was filed.  In our divorce
statutes words denoting where one lives or has his residence
are ordinarily construed as signifying domicil.  *Levanosky* v.
*Levanosky,* 311 Mass. 638, 641, and cases cited.  If we look
to the report of material facts, it does not aid the libellant.
The judge's findings are substantially to the same effect as

the allegations of the libel. There is no finding indicating that the libellant was domiciled in this Commonwealth either on the date of the marriage in Maryland or on the date of the filing of the libel, or that he had resided here for five years last preceding the filing. On the contrary, it is found that the libellant had moved to Connecticut before the libel was filed. We are constrained to hold that the Probate Court was without jurisdiction.

The decree entered in the Probate Court is to be modified by adding to the order of dismissal the following "for want of jurisdiction," and, as so modified, is affirmed.

*So ordered.*