EARLE J. MEYER *vs.* ROSE E. MEYER.

Bristol. October 23, 1950. — November 29, 1950.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Marriage and Divorce*, Revocation of decree. *Probate Court*, Revocation of decree. *Laches*.

It was proper for a Probate Court to vacate a decree of divorce obtained by a husband, and to dismiss the libel, where it appeared that, after the entry of the decree nisi but before it had become absolute, the wife resumed marital relations with him at his solicitation and in reliance on his false representation to her of his intention to have the decree nisi vacated, and that because of such fraud she did nothing to prevent its becoming absolute as he really intended it should.

Laches on the part of a petitioner for revocation of a decree of divorce was not shown where the petition was filed about six weeks after the petitioner learned of the facts entitling her to revocation and no disadvantage to the respondent through such delay was shown.

LIBEL for divorce, filed in the Probate Court for the county of Bristol on July 31, 1945.

A petition by the libellee to vacate a decree of divorce and to dismiss the libel was filed on May 31, 1949, and was heard by *Fuller,* J.

*W. E. Mondale*, for Earle J. Meyer.

*I. L. Pollock*, for Rose E. Meyer, submitted a brief.

LUMMUS, J. The parties were married on June 26, 1937. On July 31, 1945, the husband brought a libel for divorce against the wife in the Probate Court for Bristol County, and obtained a decree nisi for divorce on October 5, 1945, which became absolute on April 6, 1946, under G. L. (Ter. Ed.) c. 208, § 21, as amended. In January, 1946, the wife, at her husband's solicitation, began living with him again on his representation that he would have the decree nisi vacated. In fact he had no intention of having the decree nisi vacated, but intended that it should become absolute. The parties lived together until April 18, 1949, as husband and wife, and a child was born to them on March 22, 1948. On April 18, 1949, the husband left the wife, and told her that he had done nothing to vacate the decree nisi and that they were fully divorced.

On May 31, 1949, the wife petitioned the Probate Court to vacate the final decree of divorce and to dismiss the libel, and on October 24, 1949, the judge entered a decree accordingly. The husband appealed.

In a Probate Court a decree may be revoked or modified on petition for any reason that would warrant a bill of review in equity. *Royal* v. *Royal*, 324 Mass. 613, 618. And the cause for review existing in this case is that described as "new matter arising after the entry of the decree." *Boston & Maine Railroad* v. *Greenfield*, 253 Mass. 391, 397. *Brooks* v. *National Shawmut Bank*, 323 Mass. 677, 684. The decree nisi was permitted to become absolute by the default of the wife, who could have prevented it from becoming absolute by showing the resumption of matrimonial relations. *Eldridge* v. *Eldridge*, 278 Mass. 309, 312. In *Sullivan* v. *Sullivan*, 266 Mass. 228, 229, it was said, quoting from *Day* v. *Allaire*, 4 Stew. (N. J.) 303, 315, "The court of chancery has discretionary power, even after enrollment, to open a regular decree obtained by default, for the purpose of giving the defendant an opportunity to make a defence on the merits, where he has been deprived of such defence, either by mistake

or accident, or by the negligence of his solicitor." The husband knew, when the decree nisi became absolute, that his resumption of matrimonial relations had ended his right to have the decree become absolute. Yet he concealed the facts from the court, and by fraud prevented the wife from informing the court as to them. As was said in *Buckingham* v. *Alden,* 315 Mass. 383, 387, "The Probate Court has the power by revoking the decree to correct the action that it was induced to take by the withholding of material facts." The present case somewhat resembles *Sampson* v. *Sampson,* 223 Mass. 451.

This case differs from those in which the fraud was intrinsic, and not extrinsic, as where the decree was obtained by perjury at the hearing, as in *Zeitlin* v. *Zeitlin,* 202 Mass. 205, and *Boyd* v. *Boyd,* 226 Mass. 542.

In other jurisdictions all the cases that we have found hold that a final decree obtained by suppressing the fact of a resumption of matrimonial relations will be vacated. *Berger* v. *Berger,* 44 R. I. 295. *Tobin* v. *Tobin,* 70 R. I. 362. *Cary* v. *Cary,* 144 App. Div. (N. Y.) 846. *Kahn* v. *Kahn,* 126 Misc. (N. Y.) 44. *Curtis* v. *Curtis,* 250 Mich. 105, 109. *McGuinness* v. *Superior Court,* 196 Cal. 222. *Nelson* v. *Nelson,* 7 Cal. (2d) 449. *Gump* v. *Gump,* 42 Cal. App. (2d) 64. *Babcock* v. *Babcock,* 63 Cal. App. (2d) 94. *Shinn* v. *Shinn,* 148 Neb. 832, 843, 174 A. L. R. 510. See also *Smith* v. *Smith,* 148 Wash. 457; *Walker* v. *Walker,* 151 Wash. 480.

In his report of material facts, the judge found that "there was no unreasonable delay in bringing the proceeding, that the . . . [husband] was in no way injured by the delay, if any, in the bringing of this petition, and that there was no laches." The delay was only from April 18 to May 31, 1949. "Laches is not mere delay but delay that works disadvantage to another." *Calkins* v. *Wire Hardware Co.* 267 Mass. 52, 69. *Janes* v. *Washburn Co., ante,* 356, 362. Any such disadvantage is negatived by the findings.

*Decree affirmed.*