PETER SLOANE *vs.* EDITH STAIGER SLOANE.

Hampden.   May 7, 1965. — June 8, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Divorce,* Decree absolute, Appeal, Custody of child, Alimony, Modification of decree.   *Probate Court,* Decree, Appeal.

A decree nisi of divorce became absolute six months after its date as provided in G. L. c. 208, § 21, where no stay was entered under c. 215, §§ 23, 24, although the libellee seasonably appealed from the decree and from a decree allowing a motion by the libellant to dismiss the appeal; the appeal from the decree nisi brought no issue before this court and it and the appeal from the dismissal decree were dismissed. [318–319]

No error was shown in a Probate Court decree under G. L. c. 208, §§ 28, 37, modifying a divorce decree by changing the custody of a six year old daughter of the parties to the libellant husband from the libellee wife in view of the libellee's conduct toward the libellant in the child's presence which justified a conclusion that the libellee was an emotionally unstable person; by providing that "all visitation rights . . . shall be at the discretion" of the libellant "until the further order of the court"; and by cancelling an order for alimony to be paid by the libellant to the libellee included in the original decree in view of the then necessity for her to provide a home for the child and to refrain from gainful employment.   [320]

LIBEL for divorce filed in the Probate Court for the county of Hampden on December 20, 1962.

The libellee seasonably appealed from decrees entered on March 25, September 4, and September 5, 1963, by *Stapleton, J.*

*Vincent F. Leahy* for the libellee.

*Holbrook Campbell (Gordon H. Wentworth* with him) for the libellant.

WHITTEMORE, J.   1.   The libellee's appeal from the decree nisi granting the libellant a divorce for cruel and abusive treatment brings no issue before the court.   Under the rule of *MacNevin* v. *MacNevin,* 319 Mass. 719, the decree, entered March 25, 1963, and modified September 5, 1963, became final upon the expiration of six months from

the date of entry as provided in G. L. c. 208, § 21. By G. L. c. 215, § 24, orders or decrees of Probate Courts in proceedings under c. 208 (divorce) are subject to the provisions of c. 215, § 23, that an "appeal . . . shall not suspend or stay proceedings under such order or decree." There is no provision similar to G. L. c. 214, § 19, which stays proceedings under equity decrees upon entry of the appeal in this court.[1] No stay was entered in either court as is authorized by c. 215, § 23. See *MacNevin* v. *MacNevin*, 319 Mass. 719. Compare *Eldridge* v. *Eldridge*, 278 Mass. 309, 313 (a decree nisi may be revoked after the six months period "if against public policy or for any reason adequate in law").

The operation of the statute to make the divorce final was not suspended by the allowance on September 4, 1963, of the libellant's motion to dismiss the appeal for failure to comply with Rule 19 of the Probate Courts (1959). An appeal was taken from the dismissal decree, and, if it was in error, the purported dismissal was of no effect.[2]

Notwithstanding the foregoing, we have examined the findings and the transcript and are of the view that there

---

[1] Even if there were such a provision the decree nisi would have become final for the appeal was not entered in this court until March 5, 1965.

[2] It may be questioned if Rule 19 was applicable. As in force in 1963 it provided: "Upon an appeal, where the Court under General Laws [Ter. Ed.] Chapter 215, Section 18, has appointed a stenographer to take the evidence to be reported to the Supreme Judicial Court, the appellant within thirty days of the date of the appeal, or within such time as allowed by [the] Court on application made within ten days of said appeal, shall file with the Register for the use of the Court and for use in the preparation of the record on appeal one certified transcript of the stenographic notes taken by the stenographer. The transcript shall be subject to the right of the Court, before copies thereof are prepared for the use of the Supreme Judicial Court, to direct that the transcript be submitted to it for such correction as it may direct after hearing. When decree after rescript has been entered or after dismissal of appeal, the Register shall notify the persons supplying the transcript to procure same within ten days, and if it is not so procured the transcript may be destroyed." The docket does not show that a stenographer was appointed. In that event it would seem that the appeal would lie, but without a report of the evidence.

Rule 19, as of March 31, 1964, was amended to read, in part, "Upon an appeal, where the Court under General Laws [Ter. Ed.] Chapter 215, Section 18, has appointed a stenographer to take the evidence to be reported to the Supreme Judicial Court, the appellant, unless he files with the appeal a disclaimer of any right to rely upon the transcript of the evidence, shall, within sixty days of the date of the appeal file with the Register for the use of the Court and for use in the preparation of the record on appeal one certified transcript of the stenographic notes taken by the stenographer."

was no error in the entry of the decree nisi.

2.   The decree modifying the divorce decree as to custody of the six year old daughter and support for the libellee entered September 5, 1963, was within the power of the judge and no error is shown.   G. L. c. 208, §§ 28, 37.   The findings and the evidence show conduct toward the libellant in the presence of the child justifying the conclusion of the judge that the libellee was an emotionally unstable person.[3] The repetition of such conduct with a serious effect on the child was reasonably to be anticipated.   The libellee objects particularly to the provision of the modified decree that "all visitation rights . . . shall be at the discretion of said libellant."   Plainly if this discretion is not exercised with considerate regard for the mother's rights and the importance of the maternal relationship there will be occasion for reconsideration of this provision.   The judge recognized and emphasized this by his concluding clause, "all until the further order of the court."

There was no testimony as to the resources or earning power of the libellee at the time of the modification or of change in respect of these matters since the entry of the decree.   The implication is, however, that the judge in the first instance deemed the alimony to be required because of the necessity of providing a home for the child and refraining from gainful employment.   In any event, of course, if circumstances can be shown to a probate judge[4] justifying alimony, further modification of the decree will be within his competence, and a need for support at the time of the petition for modification would be a sufficient showing of change of circumstances.   G. L. c. 208, §§ 34, 37.

The appeals from the decree nisi and from the decree dismissing the appeal for noncompliance with Rule 19 are dismissed.   The decree modifying the divorce decree is affirmed.

*So ordered.*

---

[3] The judge found, "At the time of the first hearing I observed enough to create a strong suspicion of emotional instability, but I was not aware of the extent thereof that later incidents disclosed."

[4] The judge who entered the decrees has died.