## MARY GAILIS vs. ERNEST GAILIS.

Plymouth.    March 19, 1973. — April 24, 1973.

Present: ROSE, KEVILLE, & ARMSTRONG, JJ.

*Divorce,* Decree absolute, Costs, Counsel fees. *Jurisdiction,* Raising question of jurisdiction.

On appeal from an order in a divorce proceeding, this court considered a jurisdictional question not argued by the parties. [255]
A motion for a stay of a decree of divorce nisi which did not contain a statement of objections to the decree becoming absolute as required by Rule 45 of the Rules of the Probate Court (1959) did not prevent the decree from becoming absolute; allowance of the motion after the decree became absolute did not cure the defect in the motion as no libel was then pending, and the court was then without jurisdiction to grant an allowance to the libellant under G. L. c. 208, § 17. [255-256]

LIBEL for divorce filed in the Probate Court for the county of Plymouth on August 6, 1969.

Appeal from an order by *Lawton, J.*

*Kenneth J. Elias* for the libellee.

*Richard Forman* for the libellant.

KEVILLE, J.   This is an appeal by the libellee from an order of allowance granted to the libellant in the Probate Court for Plymouth County under the provisions of G. L. c. 208, § 17. On January 13, 1972, one day before her divorce decree nisi was to become absolute, the libellant filed a motion to stay the decree. See G. L. c. 208, § 21, as amended by St. 1934, c. 181, § 1.[1] On January 28, 1972, the trial judge allowed the motion "on condition [that an] application for allowance is to be heard." The application was filed on March 10, 1972. On March 29, 1972, the libellee was ordered to pay $1,500 to the libellant or her attorney as an allowance to maintain her libel; and her motion to stay was dismissed on the same day. It appears from the record, although not from her motion to stay, that the libellant's objectives were to stay the decree in order to obtain an allowance and then to permit the decree to become absolute.

In view of our disposition of the case, it becomes unnecessary to resolve the issue raised by the libellee that when the motion to stay was filed there was pending before the court no proceeding incidental to which costs and expenses, including counsel fees, could be allowed.[2] *Hayden* v.

----

[1] "Decrees of divorce shall in the first instance be decrees nisi, and shall become absolute after the expiration of six months from the entry thereof, unless the court within said period, for sufficient cause, upon application of any party interested, otherwise orders. After the entry of a decree nisi, the libel shall not be dismissed or discontinued on motion of either party except upon such terms, if any, as the court may order after notice to the other party and a hearing, unless there has been filed with the court a memorandum signed by both parties wherein they agree to such disposition of the libel."

[2] G. L. c. 208, § 38, as appearing in St. 1933, c. 288, which reads, "In any proceeding under this chapter, whether original or subsidiary, the court may, in its discretion, award costs and expenses, or either, to either party, whether or not the marital relation has terminated. In any case wherein costs and expenses, or either, may be awarded hereunder to a party, they may be awarded to his or her counsel, or may be apportioned between them."

*Hayden,* 326 Mass. 587, 594-595. (On the question of the pendency of a libel following the decree nisi and prior to the decree absolute, see *Wallace* v. *Wallace,* 273 Mass. 62, 64-65.)

Rule 45 of the Rules of the Probate Courts (1959) promulgated to expedite the provisions of G. L. c. 208, § 21, is entitled, "Objections to decree becoming absolute." The rule reads, "At any time before the expiration of six months from the granting of a decree of divorce nisi, the libellee, or any other person interested, may file in the registry of probate a statement of objections to the decree becoming absolute, which shall set forth specifically the facts on which it is founded and shall be verified by affidavit. Notice of the filing of said objections shall be given to the libellant or libellee or his attorney not later than the day of filing said objections, and an affidavit of such notice shall be filed together with the objections. The decree shall not become absolute until such objections have been disposed of by the court. If said petition to stay the decree absolute is subsequently dismissed by the court the decree shall become absolute as of six months from the date of the decree nisi."

The filing of a statement of objections in compliance with Rule 45 normally stays a decree nisi from becoming absolute until the objections have been disposed of by the court. *Diggs* v. *Diggs,* 291 Mass. 399, 401. The question of the effectiveness of the libellant's motion to stay has not been argued by the parties. However, as hereinafter appears, it raises a jurisdictional question, and we must consider it of our own motion. *Kisley* v. *Kisley,* 322 Mass. 676, 677, and cases cited.

The motion was basically defective. It contained no statement of objections supported by allegations of fact verified by affidavit as required by Rule 45. It was not a statement the filing of which would prevent the decree nisi from becoming absolute. In the absence of a sufficient statement, the court could not determine under the provisions of G. L. c. 208, § 21, whether there was "sufficient cause" to order the stay. Cf. *Nicolai* v. *Nicolai,* 283 Mass.

241, 243-244. The subsequent conditional allowance of the libellant's motion by the judge, after the decree had become absolute, did not cure its defects. The libel was not pending (G. L. c. 208, § 17)[3] when the allowance was granted; and therefore the court was then without jurisdiction to grant it. Consequently the order of the court allowing the libellant's application for an allowance must be reversed.

*So ordered.*

---

[3] "The court may require the husband to pay into court for the use of the wife during the pendency of the libel an amount to enable her to maintain or defend the libel."