ELINORE J. SCHOLZ *vs.* WALTER P. SCHOLZ.

Plymouth. February 6, 1975. — March 12, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, BRAUCHER, & HENNESSEY, JJ.

*Divorce,* Decree absolute, Appeal. *Probate Court,* Decree, Appeal.

A decree nisi of divorce became absolute six months after its entry as provided in G. L. c. 208, § 21, in the absence of a filed statement of objections by the libellee pursuant to Rule 45 of the Probate Courts (1959), or of a stay pursuant to c. 215, §§ 23, 24, pending his seasonable appeal; the appeal brought no issue before this court, notwithstanding inclusion in the record of a transcript of the evidence at the trial, and was dismissed. [144-146]

LIBEL for divorce filed in the Probate Court for the county of Plymouth on October 7, 1971.

The libellee seasonably appealed from a decree entered on July 10, 1972, by *Murphy, J.*

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Felix F. Perrone* for the libellee.

*Shirley R. Lewis* for the libellant.

BRAUCHER, J.   A decree of divorce nisi was granted in the Probate Court, and the libellee husband appealed. The Appeals Court dismissed the appeal because the decree had become absolute on the expiration of six months from the date of entry.   *Scholz* v. *Scholz,* 2 Mass. App. Ct. 859 (1974).   We allowed the husband's application for further appellate review, which asserted that the dismissal was contrary to the decision in *Eldridge* v. *Eldridge,* 278 Mass. 309, 313 (1932).   We hold that the appeal must be dismissed.

The record discloses that the wife filed the divorce libel on October 7, 1971.   The decree nisi was entered on July 10, 1972, and the husband seasonably appealed.   The appeal was argued before the Appeals Court on a record including a stenographic transcript of the evidence and on printed briefs, and an opinion was released on May 23, 1974, reversing the decree nisi and ordering the entry of a new decree dismissing the libel.   After a rehearing, on July 17, 1974, the original opinion was replaced by a rescript opinion dismissing the appeal.

A decree of divorce nisi becomes absolute after the expiration of six months from the entry thereof, unless the court within the period otherwise orders.   G. L. c. 208, § 21.   During the period the libellee may file a statement of objections to the decree becoming absolute, and the decree then does not become absolute until the objections have been disposed of by the court.   Rule 45 of the Probate Courts (1959).   *Diggs* v. *Diggs,* 291 Mass. 399, 401 (1935).   *Gailis* v. *Gailis,* 1 Mass. App. Ct. 253,

255 (1973), *S. C.* 363 Mass. 888 (1973). The decree may also be stayed by a judge of the Probate Court or by a Justice of this court pending an appeal. G. L. c. 215, §§ 23, 24. *Bloom* v. *Bloom,* 353 Mass. 762 (1968). *Clifford* v. *Clifford,* 354 Mass. 545, 546 (1968). In the absence of a filed statement of objections or a stay, we have held that the pendency of an appeal does not prevent the decree from becoming absolute. *MacNevin* v. *MacNevin,* 319 Mass. 719, 722 (1946). Once the decree becomes absolute, the appeal from the decree nisi brings no issue before the court and must be dismissed. *Sloane* v. *Sloane,* 349 Mass. 318, 319 (1965).

A court of probate has power to correct errors in its decrees "arising out of fraud, or mistake, or want of jurisdiction, or for any reason adequate in law." *Goss* v. *Donnell,* 263 Mass. 521, 523-524 (1928). In *Eldridge* v. *Eldridge,* 278 Mass. 309, 313 (1932), that power was held to extend to a decree of divorce nisi, even though the six-month period had expired. Accord, *Meyer* v. *Meyer,* 326 Mass. 491, 493 (1950). Cf. *Sampson* v. *Sampson,* 223 Mass. 451, 462 (1916) (Superior Court divorce). In the *MacNevin* case, *supra,* however, we held that the probate judge had no authority to revoke such a decree in the absence of a showing "that the decree nisi was procured to be entered by fraud, or was entered by mistake." In any event, whatever the showing needed to justify the Probate Court in correcting or vacating its decree, there can be no appeal from the decree nisi once it has become absolute. So far as the *Eldridge* case suggests that fraud or mistake prevents a decree nisi from becoming absolute, we do not follow it, although of course it may be revoked for fraud or mistake even after it has become absolute. See *Meyer* v. *Meyer,* 326 Mass. at 492 (1950). Contrary to the husband's contention, the rule of the *Sloane* case is not limited to cases where there is no transcript of evidence or report of material facts.

We agree with the Appeals Court's conclusion that the appeal from the decree of the Probate Court must be dismissed.

*So ordered.*