SEYMOUR J. SHEINKOPF & another *vs.* CHARLOTTE B. ESKIN. July 9, 1976. 1. The will was properly allowed on proof of the signatures of the testator (the contestant acknowledged that the signature on a copy of the will "looked like" her father's) and of the attesting witnesses. *Goodwin* v. *Riordan,* 333 Mass. 317, 318 (1955). The signature of the first witness was proved by the testimony of one who was acquainted with his signature (e.g., *Pataskas* v. *Judeikis,* 327 Mass. 258, 260 [1951]) and by the opinion (not objected to) of a handwriting expert, who testified that she had compared the witness' signature on the will to several "original" samples of his signature. Although grounds for objection to the admission of her opinion became apparent during cross-examination, the contestant's failure to move to strike the opinion left it as evidence in the case. Leach & Liacos, Massachusetts Evidence, 69-70 (4th ed. 1967). Proof of the signature was sufficient. *Nickerson* v. *Buck,* 12 Cush. 332, 341-342 (1853). The second witness, by deposition (see Rule 12 of the Probate Courts [1959]), properly identified her own signature. It was not necessary, as the contestant contends, for her to

identify the testator's signature. Compare *Dewey* v. *Dewey,* 1 Met. 349, 353 (1840); *Hogan* v. *Grosvenor,* 10 Met. 54, 55-57 (1845); *Nickerson* v. *Buck, supra;* Newhall, Settlement of Estates, § 38 (4th ed. 1958). We have been directed to no authority, and find none, for the contestant's contention that the depositions of the second and third witnesses should have been excluded because they identified their signatures on certified copies (apparently photographic) of the will, rather than on the original. We note that counsel for the contestant, who was present at the taking of the third witness' deposition, raised no such point then or when part of the deposition was read in evidence at the trial. 2. The contestant is not entitled to an intestate share under G. L. c. 191, § 20, since the testator mentioned her in the will and intentionally omitted making provision for her (other than through survivorship of her mother). See *Terry* v. *Foster,* 1 Mass. 146, 150-151 (1804); *Church* v. *Crocker,* 3 Mass. 17, 21-22 (1807); *Wilder* v. *Goss,* 14 Mass. 356, 358 (1817); *Prentiss* v. *Prentiss,* 11 Allen 47, 49 (1865); *Hurley* v. *O'Sullivan,* 137 Mass. 86, 88 (1884); *Jones* v. *Jones,* 297 Mass. 198, 208 (1937); Newhall, Settlement of Estates, § 352 (4th ed. 1958). No patent mistake of fact by the testator has been shown on this record. See Henderson, Mistake and Fraud in Wills, 47 B.U.L. Rev. 303 (1967); Warren, Fraud, Undue Influence and Mistake in Wills, 41 Harv. L. Rev. 309, 329-339 (1928).

*Decree affirmed.*

*Stephen E. Shamban* (*Bernard P. Rome* with him) for the contestant.

*Henry J. Dane* for the proponents.