HARRY MARTIN MURRAY *vs.* HELEN JULIA MURRAY. February 5, 1980. On July 22, 1971, six days before a decree nisi granting a divorce to the husband was to become absolute, the wife filed objections to the decree. G. L. c. 208, § 21, as in effect prior to St. 1975, c. 400, § 26. Rule 45 of the Probate Courts (1959). On March 29, 1978, the husband moved to dismiss the objections. A judge of the Probate Court heard the matter on

a statement of agreed facts and ordered the objections dismissed. The wife's "motion for rehearing" of the dismissal was denied, and the husband's counsel was awarded fees and expenses in connection with the hearing on that motion. G. L. c. 208, § 38. The wife has appealed from the foregoing orders but not from the decree nisi. There was no error.

1. The objections in this case are substantively different from the motion filed and the procedure followed in *Gailis* v. *Gailis*, 1 Mass. App. Ct. 253 (1973), *S.C.* 364 Mass. 832 (1973), and do not raise the jurisdictional question discussed therein. *Scholz* v. *Scholz*, 367 Mass. 143, 144 (1975). Even assuming that the statement of objections was properly verified by the wife, the judge's order was correct because the objections were factually insufficient under then applicable rule 45. See *Feldman* v. *Feldman*, 230 Mass. 330, 332 (1918). An examination of the objections together with the statement of agreed facts reveals that they are demonstrably inadequate to require inquiry whether the decree nisi or the settlement agreement was procured by fraud or mistake. *Scholz* v. *Scholz*, *supra* at 145. They are also insufficient to require consideration whether the wife was improperly hindered from interposing a meritorious defense to the libel. *Holbrook* v. *Holbrook*, 114 Mass. 568, 569 (1874). *Lye* v. *Lye*, 322 Mass. 155, 157-158 (1947). *White* v. *White*, 337 Mass. 114, 116 (1958). The cases brought to our attention by counsel for the wife in support of the sufficiency of the objections are inapposite and need not be discussed. Further, the judge's finding that the wife failed, as required by the rule, to provide notice to the husband of the filing of the objections or to file an affidavit of notice, constitutes an additional ground for dismissal. The judge was not obliged to accept the docket entry pertaining to notice in the absence of proof by the wife or a statement in the agreed facts that the requirements of the rule in this respect had been satisfied. The wife's "motion for rehearing" brought nothing new before the judge and was also properly denied.

2. The record indicates that the wife did not raise below the question of notice of the motion by the husband's counsel for fees and expenses at the hearing thereon, and, as a consequence, she cannot raise the question here. *Priestley* v. *Sharaf's, Inc.*, 4 Mass. App. Ct. 218, 224 (1976). We are satisfied that she had an adequate opportunity to be heard on the merits of the motion and that the judge did not abuse his discretion by its allowance or by an award made. G. L. c. 208, § 38. *Pemberton* v. *Pemberton*, *ante* 9, 16-18 (1980).

3 The orders dismissing the statement of objections, denying relief after rehearing of the order of dismissal and awarding counsel fees and expenses are each affirmed. The husband is to have the costs of this appeal.

*So ordered.*

*Carol A. Witt* for Helen Julia Murray.
*Ellen Covner Weiss* for Harry Martin Murray.