SANDRA M. CHURBUCK *vs.* ALTON C. CHURBUCK.

Essex. February 11, 1980. — March 25, 1980. ·

Present: HALE, C.J., GRANT, & NOLAN, JJ.

*Divorce,* Alimony, Child support, Notice, Place of hearing. *Notice,* Hearing in divorce proceeding. *Rules of Appellate Procedure,* Statement of proceedings.

In a proceeding to modify a judgment of divorce to vest title in the marital home in the wife unconditionally, evidence that the mortgagee of the property had accelerated payment of the entire mortgage loan as the result of the husband's failure to make monthly mortgage payments, as he had been ordered to do, and that a new and third attachment had been recorded was sufficient evidence of a material change of circumstances to warrant modification. [465-466]

There was no merit to a husband's claim that he was not given adequate notice of a hearing on his wife's motion to amend a judgment of divorce; the fact that counsel for the husband could not appear because of a conflict of engagements did not provide a basis for concluding that the husband was deprived of his right to a hearing. [466]

Where a hearing on a wife's motion to modify a judgment of divorce was held in a different county from that in which the complaint for divorce was entered and the husband failed at any time to object to the change of location, his silence was taken as an assent to the change. [467]

CIVIL ACTION commenced in the Probate Court for the county of Essex on April 8, 1977.

A motion to modify a judgment of divorce was heard by *Keedy,* J.

*Joseph E. Faro (Leonard W. Johnson, Jr.,* with him) for the defendant.

*Arthur C. Sullivan, Jr.,* for the plaintiff.

NOLAN, J. The parties were married on September 13, 1957. They last lived together on March 29, 1977. Alton C. Churbuck, the husband and defendant herein, filed a complaint for divorce on March 30, 1977. He later waived a hearing on his complaint in favor of a complaint filed by his wife, Sandra M. Churbuck, the plaintiff, on April 8, 1977. The judgment of divorce nisi was awarded the wife on February 16, 1978. This judgment was amended on March 2, 1978. The defendant appeals from the amended judgment. We affirm the amended judgment for reasons which follow.

1. *Material change in circumstances.* A temporary order granting custody of the minor children to the wife, ordering the husband to pay the medical, dental and hospital expenses of his wife and minor children and, inter alia, ordering the husband to pay "the mortgage principal, interest, taxes and insurance on the marital home, and all utility charges, including gas, electricity, water, heat and telephone," was entered on April 8, 1977. This order was affirmed on May 4, 1977. The husband was adjudicated in contempt on October 12, 1977, for failing to pay the mortgage and the utility charges which amounted to $4,072. The sentence of ninety days in jail was suspended "to give (the husband) opportunity to purge himself of said contempt by making payments of the amount of arrears as aforesaid."

The material portion of the original judgment nisi provided that "title to the marital real estate" in Andover was vested in the wife on condition that within one year from the date of the entry of the judgment the wife should sell the premises, divide the proceeds equally between her husband and herself, but pay to herself from the husband's share the sum of $4,072, the amount of the arrears, and the legal fees owed to her attorney. Until the home should be sold, the wife and minor children would have the right to occupy the premises.

Shortly after the entry of the judgment of divorce nisi, the wife filed a motion to modify it. A hearing was held on the

motion on March 2, 1978. The judge found that no payment had been made on the mortgage since the hearing at which the husband had been adjudicated in contempt. In the intervening period, the mortgagee had exercised its option to accelerate payment of the entire mortgage loan, the balance of which amounted to $30,356.94. The judge found the fair market value of the home to be $80,000. A foreclosure sale had been scheduled for February, 1978, but was postponed until March 9, 1978. Since the date of the hearing which led to the original judgment, a new and third attachment of the marital home had been recorded. The conditions which the court had attached to the wife's acquisition of title prevented her from refinancing and thereby saving the property from foreclosure. Accordingly, the court amended the judgment to vest title in the wife unconditionally and again ordered the husband to pay the sum of $4,072 and to pay the wife's attorney legal fees in the amount of $5,500.

The evidence has not been reported. We are bound by the judge's findings, unless they are clearly erroneous. Mass. R.Dom.Rel.P. 52(a) (1975). The husband's claim that there had not been a material change of circumstances is not supported by the judge's findings. The mortgagee's action in exercising the acceleration clause was a drastic change. The new attachment made the situation all the more critical. There was sufficient evidence of change of circumstances. *Sloane* v. *Sloane,* 349 Mass. 318, 320 (1965).

2. *Notice requirement.* The husband complains that he was not given adequate notice of the hearing on the wife's motion to amend the judgment nisi. The record does not aid the husband in this area. The court, consistent with Mass.R.Dom.Rel.P. 6(c), set the matter down for hearing, and the wife gave the husband notice thereof. The rule permits the court to modify the requirement of three days' notice. It is perfectly clear that the husband had notice of the hearing. Counsel for the husband acknowledges that he had notice. He protests that he could not appear because of a conflict of engagements. This is hardly a basis for concluding that his client was deprived of his right to a hearing.

3. *Change of location.* The complaint was entered in Essex County. The hearing on the wife's motion to modify the judgment nisi was held in the Probate Court for Franklin County. At no time did the husband object to this change of location. In a letter to opposing counsel, a copy of which was sent to the judge in Franklin County, counsel complained of a conflict between a trial date in the Superior Court in Essex and the date for the hearing in Greenfield. He also complained that there had been no change of circumstances in response to the wife's motion to modify. Counsel for the husband was significantly silent as to the change of county. This silence must be taken as an assent.

We feel constrained to point out that the husband's "Statement Under Rule 8(c)" has been incorrectly included in his appendix. There has been no compliance with that portion of Mass. R.A.P. 8(c), 365 Mass. 850-851 (1974),[1] which requires "settlement and approval" by the lower court. We have considered this statement only because in her brief the wife concedes its accuracy and accepts the husband's statement of the case, which includes those portions which are not properly before us.

For the reasons set forth above, the amended judgment is affirmed.

*So ordered.*

---

[1] Rule 8(c) provides, "If no report of the evidence of proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including his recollection. The statement shall be served on the appellee, who may serve objections or propose amendments thereto within ten days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the lower court for settlement and approval and as settled and approved shall be included by the clerk of the lower court in the record on appeal."