LORRAINE KUDARAUSKAS *vs.* PAUL R. KUDARAUSKAS (and a companion case[1]). No. 87-1128. December 5, 1988. *Practice, Civil*, Findings by judge.

---

[1] Paul R. Kudarauskas *vs.* Lorraine Kudarauskas.

*Minor,* Custody. *Evidence,* Value. *Divorce and Separation,* Division of property. *Due Process of Law,* Fair trial.

The wife in these cross actions for divorce appeals from a judgment that awards custody of the parties' three children to the husband and orders property division and alimony that she regards as inadequate.

1. It is true, as the wife argues, that the judge adopted verbatim many of the findings proposed by the husband. Nevertheless, the judge made significant additions, deletions, and revisions that indicate to us that her findings are the product of her personal analysis. See *Cormier* v. *Carty,* 381 Mass. 234, 237 (1980); *Roche* v. *Boston Safe Deposit & Trust Co.,* 391 Mass. 785, 792 (1984). Her findings on custody, for example, contained a significant introductory paragraph, not appearing in the proposed findings of either party, which capsulized the judge's view of the case after hearing the evidence. Many of the critical findings, in particular those relating to the wife's mental illness, which were the principal reason for giving custody of the children to the husband, turned largely on sharply contradictory testimony concerning the wife's discussions with the children, a caretaker for the children, and certain other witnesses for the husband. The judge simply accepted as true the version of those conversations related by the husband's witnesses rather than that related by the wife. The adoption of the husband's findings concerning the particulars was not an inappropriate method of reflecting the judge's view of the case. Compare *Markell* v. *Sidney B. Pfeifer Foundation, Inc.,* 9 Mass. App. Ct. 412, 431 (1980); *Edinburg* v. *Cavers,* 22 Mass. App. Ct. 212, 218-219, and n.7 (1986).

2. The testimony of the psychiatrist (Dr. MacIver), the psychiatric social worker (Jones), and the child caretaker (Kalweit) amply supported the judge's findings concerning the wife's mental illness and her potentially deleterious influence on the development of the children. The contrary testimony of the psychiatrist who testified for the wife could properly be discounted by the judge. This doctor had not met with the husband, the children, or any of the clinicians who had interviewed and evaluated the family; he acknowledged that his conclusions depended significantly on the truth of the wife's statements to him. The emotional well-being of the children was an appropriate criterion in the determination of custody. Compare *Sloane* v. *Sloane,* 349 Mass. 318, 320 (1965); *Custody of a Minor (No. 2),* 13 Mass. App. Ct. 290, 306-309 (1982).

3. The judge did not err in permitting Burton, the chief financial officer of the husband's T-shirt business, to testify to the value of that business. He was a graduate of a well known accounting school, with a bachelor of science degree in accounting, and had occupied several prior accounting positions with large businesses, evaluating, for one such business, new product introductions. His familiarity with the details of the financial difficulties of Cotton Pickin's T's, Inc., and the reasons for those difficulties was obviously extensive. A trial judge has broad discretion in evaluating the qualifications of expert witnesses. *Worcester* v. *Eisenbeiser,* 7 Mass.

App. Ct. 345, 347 (1979), and cases cited. We have examined the testimony of this witness and the detailed explanation given for his opinion that the business had, essentially, no net value despite substantial sales volume. The judge did not err in accepting that opinion as credible.

4. No objection was made to the qualifications of the husband's real estate appraiser or to the admission of his opinion of the value of the husband's commercial real estate, nor did the wife later move to strike his testimony. See *Roman Catholic Archbishop of Boston* v. *Commonwealth*, 364 Mass. 486, 491 n.3 (1974); *Abraham* v. *Woburn*, 383 Mass. 724, 726-727 n.1 (1981); *Sheinkopf* v. *Eskin*, 4 Mass. App. Ct. 826 (1976). The wife's argument on appeal is thus directed towards showing that the appraiser's opinion was so inadequately supported that the judge's acceptance of it was clearly erroneous. If the argument is properly before us, we reject it; the appraiser's reasons for his opinion were sufficiently coherent in reasoning and grounded in fact to warrant acceptance by the finder of fact.

5. Under the guise of arguing that the rationale of the property division is not explained by the judge's findings (see *Bowring* v. *Reid*, 399 Mass. 265, 267 [1987]), the wife attempts to show, in effect, that (a) she should have been given more, and (b) that the husband is not in a financial position to make the cash payments called for by the judgment. The rationale is apparent in the findings, however, and the equitable division payments called for by the judgment are, in effect, secured by her interest in the marital home and furnishings. (The other cash payments called for, alimony and counsel fees, while not secured, may in this case be treated as analytically distinct from the equitable division.)

6. The wife cites no authority that supports her contention that the disjointed trial, twenty-six separate days spanning ten months, coupled with delay in decision (eleven months), was a violation of due process, necessitating a new trial. The delays were unfortunate, as we are sure the judge would be the first to admit; but, without knowing conditions in the court, we are not in a position to lay blame. A new trial would exacerbate the delay. Without authority for the proposition that due process necessitates a new trial, we do not consider the point further. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975); *Lolos* v. *Berlin*, 338 Mass. 10, 13-14 (1958).

*Judgment affirmed.*

*Richard D. Packenham* for Lorraine Kudarauskas.
*Monroe L. Inker* for Paul R. Kudarauskas.