SHERMAN W. SALTMARSH, JR. *vs.* MARCIA S. SALTMARSH.[1]

Middlesex.    March.5, 1985. — July 12, 1985.

Present: HENNESSEY, C.J., WILKINS, NOLAN, & LYNCH, JJ.

*Divorce and Separation*, Separation agreement, No-fault divorce, Objections to judgment becoming final, Appeal. *Jurisdiction*, Equitable.

An equity proceeding by a wife against her husband, alleging that her husband had fraudulently induced her to execute a no-fault separation agreement, was properly dismissed on the ground that she had an adequate remedy at law, inasmuch as, in the related divorce action, the wife could not only obtain relief from any judgment in which the agreement was incorporated, but she could also obtain a determination that the separation agreement was null and void between her husband and herself. [407-409]

It was held that a party in a divorce proceeding could appeal, before a judgment nisi had become absolute, from the dismissal of objections under Mass. R. Dom. Rel. P. 58 (c) without also appealing from the judgment nisi, and that the appeal from the dismissal of the objections would stay the running of the nisi period. [409-410]

Where objections under Mass. R. Dom. Rel. P. 58 (c) to a divorce judgment nisi becoming final were based, in part, on the wife's claim that she had been induced to agree to a no-fault divorce and to enter into a separation agreement because of the husband's alleged misrepresentations, about which she had learned only months later, the judge erred in allowing the husband's motion to dismiss the objections without holding an evidentiary hearing. [410-414]

COMPLAINT for divorce filed in the Middlesex Division of the Probate and Family Court Department on March 26, 1983.

The case was heard by *Arthur G. Coffey*, J.

CIVIL ACTION commenced in the Middlesex Division of the Probate and Family Court Department on August 30, 1983.

---

[1] Two appeals arise out of a divorce action. The third appeal is in an equity action the wife commenced against the husband.

A motion to dismiss was heard by *Arthur G. Coffey*, J.

The Supreme Judicial Court on its own initiative transferred the cases from the Appeals Court.

*Beverly W. Boorstein* (*Suzanne Del Vecchio* with her) for the plaintiff.

*Paul M. Kane* (*Richard D. Packenham* with him) for the defendant.

WILKINS, J.  In the spring of 1983, the parties to this action, wife and husband, executed a separation agreement, swore by affidavit that there was "an irretrievable breakdown of the marriage," and on April 4, 1983, received a court order under G. L. c. 208, § 1A (1984 ed.), for what is commonly known as a no-fault divorce. In the normal course, a judgment nisi of divorce would be entered six months after a § 1A order, and that judgment would become absolute in an additional six months.

The wife claims that, after entry of the § 1A order prospectively granting the no-fault divorce, information came to her attention that required rescission of that order. She argues that this information, which we shall subsequently discuss more fully, showed that the husband had made various misstatements to her on which she had relied in agreeing to the transfer of property to him during the marriage and in agreeing to the separation agreement and the no-fault divorce. The wife took various unsuccessful steps, before the judge who had entered the § 1A order, seeking to be relieved of the separation agreement and the consequences of the § 1A order. She brought an action in equity for rescission of the separation agreement. The judge dismissed that action, on the husband's motion, on the ground that the wife had an adequate remedy at law. The wife has appealed from the judgment dismissing the equity action. The wife also sought relief from the § 1A order by a motion under Mass. R. Dom. Rel. P. 60 (b). She has not appealed from the denial of that motion. Additionally, after the judgment nisi was entered, the wife filed objections under Mass. R. Dom. Rel. P. 58 (c) to the judgment nisi becoming final. She has appealed from the order dismissing those objections. Finally, with the permission of a Justice of the Appeals

Court, the wife has appealed late from the judgment of divorce nisi and from the denial of her motion for a stay of the entry of the judgment of divorce absolute. We consider all three appeals together following their transfer here by order of this court.

We agree with the judge that the wife had an adequate remedy within the divorce proceeding itself so that an independent equity proceeding seeking rescission of the separation agreement was unnecessary and inappropriate. We next conclude that we may properly consider the wife's appeal from the dismissal of her objections under rule 58 (c) even though she did not claim a timely appeal from the entry of the § 1A order or from the entry of the judgment nisi. We disagree with the judge's conclusion that all the wife's objections to the entry of a judgment absolute were inadequate as a matter of law. The wife's objections based on her claim that she entered into the separation agreement and § 1A divorce proceeding because of certain misrepresentations by the husband on which she reasonably relied should not have been dismissed on their face. Because of the relief we grant in the wife's appeal of the dismissal of her rule 58 (c) objections, we need not pass on the merits of her late appeal from the judgment nisi and from the denial of her motion for a stay of the nisi period.

1. *The equity action.* On August 30, 1983, shortly before the judgment nisi was to enter, the wife commenced a separate equity action against the husband in the Probate Court alleging, among other things, that the husband had fraudulently induced her to execute the separation agreement. In her amended complaint, she sought an order declaring the separation agreement null and void. The husband successfully moved to dismiss the action on the ground that the wife had an adequate remedy at law within the divorce proceeding.[2]

The separation agreement was to be incorporated in the judgment of divorce, and by its terms it stood independently

_____

[2] The judge stated that the wife had "adequate remedies at law provided by G. L. c. 208, § 21, and Mass. R. Dom. Rel. P. 58 (c) and by an appeal from the denial of her Rule 60 (b) motion." These references were to procedural steps taken or available to be taken in the divorce proceeding.

as an enforceable agreement between the husband and the wife. G. L. c. 208, § 1A. *Stansel* v. *Stansel*, 385 Mass. 510, 513-514 (1982). *Knox* v. *Remick*, 371 Mass. 433, 436-437 (1976). To achieve her purpose of returning the parties to the state of financial affairs which existed prior to the execution of the separation agreement, the wife needed to eliminate the effect of both aspects of the separation agreement. Commencing the equity action was an appropriate precaution because it was unclear whether the wife could achieve both her goals by action taken only within the divorce proceeding. We decide in this case, however, that the wife could not only obtain relief in the divorce action from any judgment in which the separation agreement was incorporated, but she could also obtain a determination that the separation agreement was null and void between her husband and herself.

Under G. L. c. 208, § 1A, the separation agreement is to be incorporated into the judge's order approving the agreement and "by agreement of the parties it may also remain as an independent contract." If the judge does not approve the agreement, it "shall become null and void and of no further effect between the parties." Therefore, the wife's challenge to the validity of the order approving the agreement would, if successful, require that the judge disapprove the agreement, and, if it were disapproved, the agreement would be null and void and of no further effect between the husband and the wife.[3] The judge was correct in concluding that the wife had an adequate remedy in the divorce proceeding.[4] We thus turn to

[3] Third parties might acquire rights as a result of action taken pursuant to the agreement. The statute does not state what effect, if any, an order of disapproval would have between the husband and wife on action already taken under the agreement. We need not decide whether a separate suit in equity would be needed to rectify steps already taken pursuant to a separation agreement. The wife seeks no such relief here.

[4] In his order of dismissal of the equity action, the judge made factual findings that are inappropriate to a decision on a motion to dismiss. There was no evidentiary hearing, and the claims asserted were based on circumstances that could not possibly have been the subject of any prior hearing. Therefore, the last paragraph of the order of dismissal in which facts are purportedly found must be struck.

the wife's attempt to nullify the effect of the separation agreement within the divorce action.

2. *The divorce proceeding.* The wife claims that, after the order of April 4, 1983, had been entered under § 1A, she for the first time learned facts inconsistent with what her husband had told her which had caused her to agree to a § 1A divorce. In addition to commencing the equity action we have already discussed, she filed a motion under Mass. R. Dom. Rel. P. 60 (b) for relief from the § 1A order.[5] That motion was denied in September, 1983, without an evidentiary hearing, and, as we have said, the wife has not appealed from the denial of that motion. In January, 1984, after the judge had dismissed the equity action, suggesting in doing so that relief might be available in the divorce proceeding under Mass. R. Dom. Rel. P. 58 (c), the wife filed objections to the judgment becoming absolute. On March 15, 1984, before the judgment was to become absolute, the judge after a hearing allowed the husband's motion to dismiss the rule 58 (c) objections. The wife claimed an appeal.

The husband contends that the wife's appeal from the dismissal of her rule 58 (c) objections is moot because the judgment of divorce has become absolute. The judge dismissed the objections on March 15, 1984, and the wife appealed that action on March 26, 1984. The judgment absolute was not to enter until April 4, 1984. The question is whether, without appealing from the judgment of divorce nisi, a party may preserve for appellate review the dismissal of rule 58 (c) objections by an appeal entered before the six-month period of a judgment nisi has run. In the circumstances of this case, we conclude that a party may so appeal.

A judgment of divorce in the first instance is a judgment nisi and becomes absolute six months later, "unless the court within said period, for sufficient cause, upon application of any party to the action, otherwise orders." G. L. c. 208, § 21 (1984 ed.). Under rule 58 (c), a statement of objections to a divorce

---

[5] We imply no opinion that a § 1A order is a final judgment to which rule 60 (b) can apply.

judgment becoming absolute may be filed within the six-month period. The statement "shall set forth specifically the facts on which it is founded and shall be verified by affidavit." *Id.* "The judgment shall not become absolute until such objections have been disposed of by the court." *Id.* If the petition is "dismissed by the court, the judgment shall become absolute as of six months from the date of the judgment nisi." *Id.* Rule 58 (c) says nothing about the effect on the entry of judgment absolute of an appeal from the dismissal of objections to the entry of such a judgment. Rule 62 (g) of the Massachusetts Rules of Domestic Relations Procedure says, however, that "[t]he filing of an appeal shall stay the running of the nisi period as provided by Rule 58 (c)." See G. L. c. 215, § 24. Rule 62 (g) is not limited by its terms to appeals from judgments of divorce nisi; it simply refers to "[t]he filing of an appeal."

We conclude that, whatever the rule may be as to an appeal from the dismissal of rule 58 (c) objections entered after a judgment has become absolute (see *Giner* v. *Giner,* 11 Mass. App. Ct. 1023, 1025 [1981]), an appeal may properly be taken during the nisi period solely from the dismissal of rule 58 (c) objections, where the objections are based on circumstances that became known only after entry of the original § 1A order. An appeal from the judgment nisi in this case would have been fruitless because it would have presented an appellate record wholly unrelated to the issues asserted in the wife's rule 58 (c) objections. There is no logical reason to require a useless claim of appeal from a judgment nisi in order to preserve for appellate consideration what may be valid claims presented in rule 58 (c) objections. Nor is there any reason (particularly in a § 1A divorce action) why an appeal from a judgment nisi should stay the nisi period but an appeal from dismissal of rule 58 (c) objections should not. Any appeal taken seasonably within the nisi period from the denial of independently based rule 58 (c) objections will stay the running of the nisi period, subject to retroactive adjustment if the appeal is unsuccessful. See rules 62 (g) and 58 (c).

The position we have taken is in accord with arguments made to the judge by counsel for the husband at the time the

judge heard the husband's motion to dismiss the wife's rule 58 (c) objections and the wife's motion to stay entry of a judgment absolute. Counsel conceded that, if the judge allowed the husband's motion to dismiss the wife's rule 58 (c) objections before the judgment became absolute, she would have a right of appeal. Because the judge acted to dismiss the objections before the nisi period had run and at the same time denied the wife's motion to stay the judgment from becoming absolute, in denying the stay the judge may well have relied on the representation of the husband's counsel that an appeal in such a case would be proper. We, therefore, have every reason, in fairness, to hold the husband's counsel to his word on this point, the issue not being one of the authority of the court to act on the appeal. It is thus appropriate that we consider the merits of the wife's challenge to the dismissal of her rule 58 (c) objections.

The judge filed no memorandum in contemporaneous explanation of his allowance of the husband's motion to dismiss the wife's rule 58 (c) objections. The motion to dismiss was based on Mass. R. Dom. Rel. P. 12 (b) (6) and 9 (b), which are identical to the similarly designated rules of the Massachusetts Rules of Civil Procedure. Such a motion is directed to the pleading itself. No evidence is involved in resolving such a motion, and none was presented at the hearing on the motion. Counsel for the husband agreed that the only aspect of the objections before the judge was his motion to dismiss them.

As a result of an order entered in proceedings before a single justice of this court, the judge prepared and in May, 1984, filed a memorandum in explanation of his various rulings, including his allowance of the motion to dismiss the wife's rule 58 (c) objections. He made no reference to the rule 9 (b) aspect of the motion to dismiss, that is, whether fraud was alleged with sufficient particularity. We believe that there were allegations sufficient to meet the particularity requirement of fraud (although in certain instances the allegations of reasonable reliance are absent). The issue is not before us, and we do not decide whether the wife had to establish fraud to justify rescission of the separation agreement. See Freedman & Cane, Com-

plaints for Modification Pursuant to General Laws Chapter 208, Section 37: The Effect of Marital Agreements, 28 B.B.J. No. 4, p. 38 (1984). In any event, if the fraud allegations had been found to be deficient, the wife would have had the opportunity to amend her pleading. See *Friedman* v. *Jablonski*, 371 Mass. 482, 488 (1976).

We agree with the judge's conclusion that the wife made no adequate showing in her objections that her counsel was in collusion with the husband or that any alleged omissions of her counsel would justify rescission of the separation agreement. We further agree with the judge that the wife did not show any basis for revising the § 1A order on the ground that she was misled concerning the nature and value of the marital assets.

The judge did not discuss the wife's claim that the husband had misrepresented to her that he was impotent and that he had contemplated suicide. Nor did he address the wife's assertion that, after the April, 1983, § 1A order had entered, an alleged former paramour of the husband had told the wife that for years she had maintained a relationship with the husband, who had given her financial assistance, or that she also told the wife that the husband had induced the wife to convey to him alone certain parcels of jointly owned real estate because he contemplated a future divorce. These serious allegations, whose truth to be sure is not established, were not dealt with on the merits by the judge in deciding the motion to dismiss. Nor was this subject resolved at the earlier hearing on the wife's rule 60 (b) motion for relief from judgment. There was no evidentiary hearing on the rule 60 (b) motion as to the claim of the husband's improper inducement of the wife to agree to a divorce and the separation agreement. The paramour's deposition was yet to be taken.[6] The fact that the wife agreed that she voluntarily and understandingly signed the separation agreement in March, 1983, does not alone justify rejecting a claim that she was induced to agree to the "no-fault" divorce and to enter into the separation agreement because of the hus-

---

[6] The judge, therefore, should not have relied on information in the paramour's deposition in explaining his denial of the rule 60 (b) motion.

band's alleged misrepresentations, about which she learned only months later. Thus, the motion to dismiss should not have been allowed in this aspect unless, as a matter of law, these allegations, if proved, would not warrant some form of relief to the wife.

We have no question that the judge was warranted in concluding that there had been an irretrievable breakdown of the marriage. The circumstances showed it, and both parties agreed. The fact that the husband testified before the judge that he was impotent — testimony the judge later characterized as "probably false" — does not undercut the basic fact that the evidence warranted the judge's conclusion that "the marriage was irretrievably broken down."

On the other hand, the husband's alleged misrepresentations concerning his physical and mental condition and his earlier alleged misrepresentations concerning the need to transfer marital assets to him alone could well have materially affected the wife's willingness to execute the separation agreement. The relatively small portion of the marital assets received by the wife suggests that the husband's alleged misrepresentations may have induced a sympathetic response from her that would not have arisen if the wife had known of the allegedly true facts. An evidentiary hearing should be held on that aspect of the rule 58 (c) objections that concerns the alleged misrepresentations of the husband and the extent to which those alleged misrepresentations caused the wife reasonably to act in reliance on them to her detriment in executing the separation agreement. If the judge who hears the matter (and we assume in the system it would automatically be a different judge) concludes that approval of the agreement should be withdrawn, § 1A provides that the agreement is null and void and of no further effect between the parties. Section 1A also provides that in the event of disapproval of the agreement "the action shall be treated as dismissed, but without prejudice." Unlike a "fault" divorce judgment, where the judgment may be upheld concerning dissolution of the marriage and only some aspect of the disposition of assets or of child custody might be varied following an appeal, the entry of an order in a § 1A divorce action depends

on the existence of a judicially approved separation agreement. In the absence of such an agreement, no order may be entered.

3. The following dispositions are required under this opinion. In the equity action, the final paragraph of the judge's order of dismissal is struck (see n.4 above) and, as so amended, the order is affirmed. The order dismissing the wife's rule 58 (c) objections is vacated, and those objections are to be considered further in a manner consistent with this opinion. The wife's late appeals from the judgment nisi and the denial of her motion to stay judgment absolute are dismissed as moot.

*So ordered.*