# United States Court of Appeals

## For the First Circuit

No. 05-1892

IN RE: JEAN MILES,

Debtor,

JEAN MILES,

Debtor, Appellee,

vs.

BENEFICIAL MASSACHUSETTS, INC.,

Creditor, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
[Hon. William G. Young, Chief U.S. District Judge]

Before

Torruella, Circuit Judge,

Coffin, Senior Circuit Judge,

and Howard, Circuit Judge.

Thomas E. Carlotto, with whom Shechtman Halperin Savage, LLP
was on brief, for appellant.
Paul Collier, III, with whom Law Offices of Paul Collier,
Kimberly Breger, and Legal Services Center of Harvard Law Center,
were on brief, for appellee.

February 7, 2006

**HOWARD**, <u>Circuit Judge</u>.  This bankruptcy appeal arrives before us in a procedural tangle.  The case began when Jean Miles, the debtor, filed a petition for relief under chapter 13 of the Bankruptcy Code to forestall a scheduled foreclosure by creditor (and appellant) Beneficial Massachusetts, Inc., which holds a mortgage on her residence.  Despite the mortgage, Miles listed Beneficial in her chapter 13 plan as an unsecured creditor, apparently because, in Miles' view, Beneficial violated a number of federal and Massachusetts consumer protection statutes when it closed the loan which the mortgage secures.  The plan stated that Miles would bring an adversary action to vindicate the allegations about Beneficial's unlawful behavior and, presumably, the decision to list Beneficial as an unsecured creditor.  But Miles did not file the promised adversary proceeding prior to the confirmation of her plan.

Beneficial received notice of the proposed plan but permitted the plan to be confirmed by the bankruptcy court without objection.  Beneficial also received and accepted payments from Miles under the confirmed plan.  A short time after confirmation, however, Beneficial filed with the bankruptcy court a proof of secured claim.  Beneficial filed this proof of claim on its own, not through counsel.  Strangely, the claim form incorrectly named the debtor as "Jean Murphy" and misstated the date of the loan.  Perhaps for these reasons, the form was never docketed in the

court's electronic docketing system. Stranger still, Beneficial followed up this filing with a (counseled) motion for relief from the automatic stay (imposed when Miles filed her petition) which was supported by a "Loan Repayment and Security Agreement" containing the same wrong information -- including a signature by one Jean Murphy -- included on the claim form.

Subsequently, Beneficial filed a motion for post-confirmation relief to determine the validity of its lien or, alternatively, for vacatur of the order confirming the plan. The bankruptcy court did not vacate its confirmation order but held that the order did not affect the validity of Beneficial's mortgage. The court also granted Beneficial's motion for relief from the automatic stay to permit Beneficial to seek to foreclose on the mortgage in state court. Miles moved for reconsideration and contemporaneously filed an adversary action contesting the validity of Beneficial's mortgage ab initio under the same theories mentioned in her chapter 13 plan. The court summarily denied Miles' motion, and Miles appealed to the district court.

In her brief to the district court, Miles argued that confirmation of the chapter 13 plan listing Beneficial as an unsecured creditor, coupled with Beneficial's acceptance of payments pursuant to the plan, rendered Beneficial an unsecured creditor. As a remedy, Miles sought, inter alia, declaratory relief to this effect. Alternatively, in the concluding paragraph

of her brief, Miles asked that the district court vacate the bankruptcy court orders and reimpose the automatic stay for so long as her newly-filed adversary action remained pending. In its responsive brief, Beneficial countered Miles' primary argument but did not address Miles' alternative request for relief.

The district court scheduled the matter for oral argument but, when the hearing convened, proceeded directly to Miles' request for alternative relief. The court opined that addressing the merits of Miles' primary argument would be premature because the pending adversary action sought a declaration that Beneficial's mortgage had been unlawfully procured. Because the validity of the mortgage was an essential premise of the bankruptcy court's ruling, the court suggested, the primary issue would not ripen unless and until Beneficial was deemed to have been a secured creditor at the time Miles filed for chapter 13 relief. The court therefore reimposed the stay to preserve the status quo ante and administratively closed the case without entry of judgment and without prejudice to reopening it, if appropriate, upon termination of the bankruptcy court proceedings.

Beneficial appeals the district court's decision, arguing that the district court's decision to reimpose the stay constituted legal error because the bankruptcy court's decision to lift the stay was premised on a sound view of the law and well within its discretion on the record then before it. Miles responds to

-4-

Beneficial's merits argument, but also contends that (1) Beneficial has waived its right to bring this appeal by affirmatively agreeing to the course of action taken by the district court, and (2) there is no appellate jurisdiction to review the court's order, which was not final. Beneficial did not file a reply brief responding to Miles' waiver and jurisdictional arguments. At oral argument, Beneficial contested Miles' waiver argument at some length, but had little to say about the jurisdictional argument other than that the district court's order was final because the issue before the court was whether to reimpose the stay, and because the court decided that issue without a formal remand to the bankruptcy court. Cf. In re Gould & Eberhardt Gear Mach. Corp., 852 F.2d 26, 29 (1st Cir. 1988) ("When a district court remands a matter to the bankruptcy court for significant further proceedings, there is no final order . . . and the court of appeals lacks jurisdiction.") (emphasis supplied).

Miles' waiver argument has some allure: Beneficial's counsel never objected to the district court's proposed course of action, told the court that "it does make sense," and then never sought reconsideration before appealing to us. Cf. Pomerleau v. West Springfield Public Schools, 362 F.3d 143, 146-47 (1st Cir. 2004) (enforcing a forfeiture in somewhat similar circumstances for reasons of judicial efficiency). But we shall resolve this appeal against Beneficial on straightforward grounds suggested (although

not directly raised) by Miles' appellate jurisdiction argument, an argument that itself we shall not engage because it implicates difficult issues that have not been fully joined. See Restoration Pres. Masonry, Inc. v. Grove European, Ltd., 325 F.3d 54, 59 (1st Cir. 2003) (observing that, notwithstanding the ban on "hypothetical jurisdiction" imposed by Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94 (1998), courts may bypass difficult issues pertaining to statutory appellate jurisdiction where the merits of an appeal are easily resolved against the party asserting appellate jurisdiction); see also, e.g., Okymansky v. Herbalife Int'l of America, Inc., 415 F.3d 154, 158 (1st Cir. 2005) (appellate courts may affirm a district court ruling on any ground supported by the record).

As set forth above, Beneficial argues to us that the district court erred in reimposing the stay because the bankruptcy court's order lifting the stay was within its discretion on the record then before it. There is a logical flaw in this argument, and the flaw is fatal to Beneficial's appeal. The order lifting the stay may well have been well within the bankruptcy court's discretion at the time it was made, but it does not follow a priori that the district court erred in reimposing the stay. The district court's decision to reimpose the stay was based on the fact that, in its estimation, the underlying circumstances had materially changed after the bankruptcy court issued its order. Miles had

-6-

filed an adversary action challenging as invalid <u>ab</u> <u>initio</u> the mortgage on Miles' residence, and yet the bankruptcy court's ruling was premised on the assumption that Beneficial's mortgage was at least initially valid. Beneficial does not argue to us that the district court erred in so reasoning. And without directly or indirectly calling into question the correctness of the district court's rationale, which certainly does not strike us as plainly wrong, Beneficial cannot prevail in this appeal. <u>See generally</u> <u>Carcamo-Recinos</u> v. <u>Ashcroft</u>, 389 F.3d 253, 257 (1st Cir. 2004) (appellant's failure to address lower court's apparently sufficient rational is fatal to the appeal).

**Affirmed**. Costs to appellee.