# United States Court of Appeals

## For the First Circuit

No. 06-1118

JOHN DANIEL MOONEY,

Plaintiff, Appellant,

v.

DEBORAH A. MOONEY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Joseph L. Tauro, U.S. District Judge]

Before

Torruella, Circuit Judge,

Siler,[*] Senior Circuit Judge,

and Howard, Circuit Judge.

Brian J. Hughes, with whom Donald J. Jackson, Jr. and The Law Offices of Donald H. Jackson, Jr., P.C. were on brief, for appellant.

Elaine M. Epstein, with whom Maureen McBrien, Edward Foye and Todd & Weld LLP were on brief, for appellee.

December 22, 2006

---

[*]    Of the Sixth Circuit, sitting by designation.

**HOWARD, <u>Circuit Judge</u>.** Under Massachusetts domestic relations law, a married couple may obtain the benefits of a "no fault" divorce by averring that "an irretrievable breakdown of the marriage exists" and persuading a probate court judge to approve a notarized separation agreement setting forth the terms on which the marriage is to be dissolved. Mass. Gen. Laws ch. 208, § 1A. In such circumstances, the separation agreement "shall either be incorporated and merged into [the divorce judgment] or by agreement of the parties, it shall be incorporated and not merged, but shall survive and remain as an independent contract." <u>Id.</u> If the agreement is incorporated but not merged, it remains binding on the parties and may serve as the basis for a legal action to enforce its terms -- e.g., a claim for unpaid alimony -- which may be brought separate and apart from any contempt motion filed in the divorce case. <u>See, e.g.</u>, <u>Mansur</u> v. <u>Clark</u>, 521 N.E.2d 759, 761 (Mass. App. Ct. 1988) (collecting cases).

In this case, plaintiff John Daniel Mooney, a Massachusetts resident, brought a diversity action seeking rescission or cancellation of the separation agreement dated April 1, 1999, and in effect between himself and his former wife, Deborah A. Mooney, now a Maine resident. The agreement, which requires John to pay Deborah $650 per week in alimony, was incorporated, but not merged, into a no fault judgment of "divorce nisi" entered in favor of the couple in the Massachusetts Probate Court on June 1, 1999, which by

-2-

operation of law became a judgment of "divorce absolute" ninety days later.  See Mass. Gen. L. Ann. c. 208, § 21.  The divorce judgment also requires John to pay Deborah $650 per week in alimony.  John says that the agreement was procured by duress, coercion, and undue influence, and that he did not enter into it of sound mind.

Shortly after this action was filed, Deborah filed a contempt claim within the divorce action, to which John filed a counterclaim.  Originally, the counterclaim made the same allegations challenging the validity of the separation agreement that are set forth in the federal complaint.  Subsequently, however, John filed an amended counterclaim which omits the allegations challenging the validity of the separation agreement and asks only that, because of changed circumstances, the no fault divorce judgment be modified so as to discharge John's alimony obligations.  Citing the pendency of the probate court action, Deborah moved the district court to abstain from exercising jurisdiction over this case.  The court granted the motion, citing a 1986 decision in which we endorsed abstaining from diversity claims "that are closely related to, though not within," what we described as a "jurisdictional exception" to the diversity statute, 28 U.S.C. § 1332, encompassing "domestic relations issues." Gonzalez Canevero v. Rexach, 793 F.2d 417, 418 (1st Cir. 1986) (citations and internal quotation marks omitted).  John appeals the

-3-

abstention order, arguing that Rexach has been abrogated by recent Supreme Court cases emphasizing the narrowness of the domestic relations exception.

John is on solid ground in questioning the continuing vitality of Rexach.  In Ankenbrandt v. Richards, the Supreme Court clarified that the domestic relations exception "encompasses only  cases involving the issuance of a divorce, alimony, or child custody decree."  504 U.S. 689, 704 (1992).  And more recently, in Marshall v. Marshall, the Court emphasized, once again, that abstention is not appropriate when a claim, though related to a domestic relations issue, does not itself challenge a divorce, alimony, or child custody decree.  See 126 S. Ct. 1735, 1744-46 (2006).  In light of Ankenbrandt and Marshall, abstention is not warranted simply because a claim that is "not within" the domestic relation exception is, nonetheless, "closely related to" a domestic relations matter.  (We say "simply" because, as Ankenbrandt itself recognized, there may well be other grounds for abstaining -- e.g., those articulated in Burford v. Sun Oil Co., 319 U.S. 315 (1943) -- in such circumstances.  See 504 U.S. 704-06 & n.8.)

Even so, the district court properly dismissed this lawsuit. See In re Miles, 436 F.3d 291, 293-94 (1st Cir. 2006) (appellate court can affirm on any ground within its power supported by the record).  In a case overlooked by the parties, the Massachusetts Supreme Judicial Court held that, notwithstanding the availability

-4-

of a separate cause of action to enforce a separation agreement incorporated but not merged into a divorce decree, an independent action seeking rescission of such an agreement does not lie where the party seeking rescission also is challenging the validity of the divorce decree. See Saltmarsh v. Saltmarsh, 480 N.E.2d 618, 620-22 (Mass. 1985). In the SJC's view, a separate rescission action in such circumstances is "unnecessary and inappropriate" because there is "an adequate remedy within the divorce proceeding." Id. at 620-21. A successful challenge to the divorce decree would have the effect of nullifying the separation agreement, the validity and approval of which are necessary predicates to the couple receiving the benefits of a no fault divorce. See id. at 621; Mass. Gen. Laws ch. 208, § 1A. Thus, insofar as John's counterclaim might be read to challenge the validity of the divorce decree, he is barred by Saltmarsh from pressing his federal claim.

There is an obvious rejoinder to this line of analysis. John tells us that he is not challenging the validity of the divorce decree, and that he has amended his counterclaim in the divorce proceeding to ask only for its "modification." Compare Saltmarsh, 480 N.E.2d at 622 (making clear that the party seeking rescission alleged that she would not have agreed to a no-fault divorce had she known the facts grounding her request for rescission). And Saltmarsh does not necessarily stand for the proposition that an

independent action for rescission of a separation agreement is barred because the same relief could be obtained in a successful attack upon the divorce decree.

But John cannot have it both ways. John was entitled to the benefits of a no fault divorce only because he persuaded the probate court to find that he had reached a valid and appropriate separation agreement with Deborah. See Mass. Gen. Laws ch. 208, § 1A. If he wishes to continue to benefit from that judgment while seeking a favorable modification of its terms due to changed circumstances, equity requires that he be taken to be continuing to represent to the probate court that the judgment's essential preconditions were met. Otherwise, the judgment ought to be vacated, not modified. Cf. Scholz v. Scholz, 324 N.E.2d 617, 618 (Mass. 1975) (noting that a divorce absolute may be set aside in the event of fraud or mistake). And if John is affirmatively (albeit implicitly) representing in the divorce proceeding that the separation agreement remains valid, he should not be permitted to obtain equitable relief on the basis of a contrary position taken in this action. See New Hampshire v. Maine, 532 U.S. 742, 749-51 (2001); 18 Charles Alan Wright et al., Federal Practice and Procedure § 4477, 608-14 (2d ed. West 2002).

In the end, then, John cannot obtain rescission or cancellation of the separation agreement in this action. This disposition obviates the need for consideration whether, as Deborah

-6-

argues in support of alternative grounds for affirmance, there exist in this case other grounds for abstention.

**Affirmed**.