Ivonne **ALDAHONDO–ARROYO,**
Plaintiff

v.

Gilben **CAMACHO–IZQUIERDO,**
Defendant.

Civil No. 08–1318 (JAG).

United States District Court,
D. Puerto Rico.

May 15, 2008.

Frank D. Inserni–Milan, Frank D. Inserni Law Office, San Juan, PR, PHV David A. Fuster, Jackson Heights, NY, for Plaintiff.

Eric Perez–Ochoa, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Defendant Gilben Camacho Izquierdo's ("Defendant") Motion to Dismiss. (Docket No. 7). For the reasons set forth below, the Court **DENIES** Defendant's Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 14, 2008, Plaintiff Ivonne Aladahondo Arroyo ("Plaintiff") filed the present complaint based upon diversity jurisdiction.[1] Plaintiff seeks to enforce the terms of a divorce decree entered by the Puerto Rico Court of First Instance, Ponce Part. According to Plaintiff, Defendant, her former husband, breached the terms of a divorce by mutual consent by refusing to sell, and to cooperate in the selling of a real estate property owned by both of them. Plaintiff requests that the Court order that the property be put to sale by the parties and that the proceeds be divided under the terms of the mutual consent. (Docket No. 1).

---

1. Jurisdiction here is predicated on 28 U.S.C. § 1332 because Plaintiff is a resident of New York, County Queens and Defendant is a resident of Yauco, Puerto Rico. Furthermore, Plaintiff's claims exceed $ 75,000.

On April 11, 2008, Defendant moved to dismiss Plaintiff's complaint. Defendant avers that pursuant to the "domestic relations" exception this Court should dismiss the present complaint for lack of subject matter jurisdiction. Alternatively, Defendant contends that under the "domestic relations" exception we should abstain from entertaining Plaintiff's complaint. (Docket No. 7). On April 28, 2008, Plaintiff opposed Defendant's Motion to Dismiss. (Docket No. 8).

## STANDARD OF REVIEW

### A. *Motion to Dismiss Standard*

Under Fed. R.Civ.P. Rule 12(b)(1), a defendant may move to dismiss an action for lack of subject matter jurisdiction. As courts of limited jurisdiction, federal courts must narrowly construe jurisdictional grants. *See e.g., Alicea–Rivera v. SIMED*, 12 F.Supp.2d 243, 245 (D.P.R. 1998). Consequently, the party asserting jurisdiction has the burden of demonstrating the existence of federal jurisdiction. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.1995); *Droz–Serrano v. Caribbean Records Inc.*, 270 F.Supp.2d 217 (D.P.R.2003). When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court "may consider whatever evidence has been submitted, such as … depositions and exhibits." *See Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir.1996).

Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6) motions. *Negron–Gaztambide v. Hernandez–Torres*, 35 F.3d 25, 27 (1st Cir.1994); *Torres Maysonet v. Drillex, S.E.*, 229 F.Supp.2d 105, 107 (D.P.R.2002). Under Rule 12(b)(6), dismissal is proper "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory." *Gonzalez–Morales v. Hernandez–Arencibia*, 221 F.3d 45, 48 (1st Cir.2000) (*quoting Correa–*

*Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 52 (1st Cir.1990)). Under Rule 12(b)(1), dismissal would be proper if the facts alleged reveal a jurisdictional defect not otherwise remediable.

In *Bell Atl. Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court recently held that to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "a plausible entitlement to relief." *Rodriguez–Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95–96 (1st Cir.2007) (quoting *Twombly*, 127 S.Ct. at 1967). While *Twombly* does not require heightened fact pleading of specifics, it does require enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1974. Accordingly, in order to avoid dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* at 1965.

The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez*, 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.*, 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. *Id.* at 23 (*quoting Correa–Martinez*, 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain re-

covery under some actionable theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir.1988).

## DISCUSSION

"One of the principal areas in which this Court has customarily declined to intervene is the realm of domestic relations." *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004). Our Supreme Court has always held that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *Id.* (internal citations omitted). So strong is the deference to state law in this area that the Supreme Court has recognized a "domestic relations exception." *Id.*

 One of the limitations on federal jurisdiction otherwise properly exercised is the so-called "domestic relations" exception. *Marshall v. Marshall*, 547 U.S. 293, 299, 126 S.Ct. 1735, 164 L.Ed.2d 480 (2006). A narrow range of domestic relations issues solely fall into the "domestic relations" exception. *Id.* at 307, 124 S.Ct. 2301. The exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree. *Id.* at 308, 124 S.Ct. 2301. Thus, the "domestic relations" exception does not require abstention or dismissal when a claim is "not within" the exception but is, nonetheless, "closely related to" a domestic relations matter because, as just mentioned, only the issuance of a divorce, alimony, and child custody decrees remain outside federal jurisdictional bounds. *See Mooney v. Mooney*, 471 F.3d 246, 248 (1st Cir.2006).

▉ The enforcement of the property settlement agreement is "closely related to" the domestic relation exception, howev-er, it is "not within" said exception. Since only the issuance of divorce, alimony, and child custody decrees remain outside federal jurisdictional bounds, this Court finds that it does not lack jurisdiction to enforce the property settlement agreement.[2] Thus, federal diversity jurisdiction is properly exercised here.

## CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Defendant's Motion to Dismiss. (Docket No. 7).

IT IS SO ORDERED.

---

**2.** *Massey v. Massey*, 1996 U.S. Dist. LEXIS 15456, at \*7 n. 2 (E.D. Va. Aug. 5, 1996) (Smith, J.)(finding that an action to enforce a divorce property settlement agreement did not fall within the domestic relations exception to federal diversity jurisdiction).